Archibald C. Wemple, J.
This appeal was argued on September 1,1958 in the Schenectady County Court. Delay in deciding this appeal has been due to the fact that the trial minutes were not included in the return and were not available for review until the first part of October, 1958.
A careful study of the minutes of the trial, a review of the rulings of the trial court, an examination of the exhibits and a study of the briefs and the memoranda of law, lead to the conclusion that the judgment herein should be reversed.
The parties herein entered into a lease of an apartment on the first floor of 1207 Union Street, Schenectady, New York, on August 31,1956 for a term of two years, running from September 10, 1956 to September 10, 1958. It is quite apparent from the testimony that before the lease was made the parties understood that the premises were to be used as a dance studio. The following clause was inserted in the lease: “ and both parties further agree, that in the event the type of business to be established does not meet the zoning requirements of the City of Schenectady, then in that event, this lease to be terminated without penalty. ’ ’
It is also quite apparent that the parties contemplated that certain alterations would be required in order to make possible the use by the tenant of the premises in question. This was amply borne out by the testimony of the plaintiff-landlord, the defendant-tenant and her husband. On the trial the plaintiff testified that he had no objection to the removal of the wall so long as it was replaced at the end of the term.
Shortly after taking possession, the defendant did remove a partition wall in order to make one large room out of two, installed a rail, a shelf for a Vietrola, and a backboard for hanging wraps. Subsequently and on or about June 15, 1957, the defendant quit the premises at the request of the plaintiff, removed her studio equipment, but did not replace the partition wall.
It appears from the testimony that the lease was terminated on June 15, 1957 by mutual consent. As quoted above, the lease provided ‘£ no penalty ’ ’ in the event of such termination. However, the plaintiff has recovered in this action for the cost of replacing the partition wall, fixing certain holes in the wall, painting and varnishing the floor. The plaintiff’s expert witness, one James Farone, a general contractor, testified that the reason *246 able value of work done was $260.92. This witness testified that his figure resulted from an estimate “ on work that he (plaintiff) wanted done.” This witness testified he did not know the condition of the premises at the time the lease took effect. There was conflicting testimony as to the condition of the premises both as to the time of commencement of the lease on September 10, 1956 and the condition of the premises when the lease was terminated on June 15, 1957.
Be that as it may, there is testimony that the defendant stored in the plaintiff’s cellar the materials taken from the original partition wall, including the 2 by 4’s, moldings, casings and door, under the direction of the plaintiff. It is undisputed that Mr. Farone, in replacing the partition, under the direction of the plaintiff, used new materials at the cost of $260.92. There is nothing to show that the original door or original 2 by 4’s, casings or moldings could not have been used in the reconstruction of the partition.
Therefore, the recovery of $142.92 by the plaintiff for repairs and construction of a dividing wall, or partition, is excessive and contrary to, or against, the weight of evidence.
The judgment herein is reversed and a new trial is ordered before the Judge of Schenectady City Court, in the City Hall, at the next Trial Term thereof. Costs are not awarded to either party herein.